UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

BARBARA J. DRAKE,

DEBTOR

CASE NO 03-18150-WCH
Chapter 7

MEMORANDUM OF DECISION REGARDING DEBTOR'S MOTION TO REQUEST THE DETERMINATION OF A TAX LIABILITY, UNITED STATES' MOTION TO DISMISS DEBTOR'S MOTION TO REQUEST DETERMINATION OF TAX LIABILITY AND OBJECTIONS THERETO

I. Introduction

The matters before the Court are Debtor's Motion to Request the Determination of a Tax Liability, United States' Motion to Dismiss Debtor's Motion to Request Determination of Tax Liability and the Debtor's objection thereto. Barbara J. Drake ("Debtor") is seeking to adjudicate her innocent spouse relief request after the United States Tax Court refused to consider the matter due to the imposition of the automatic stay. Because I conclude that the Commissioner of Internal Revenue violated the automatic stay during the proceeding before the Internal Revenue Service, I will enter an order denying the Motion to Dismiss and abstain from considering Debtor's motion.

II. Background

Debtor filed for relief on September 30, 2003. In Schedule D of her petition, Debtor listed a secured lien of the Internal Revenue Service ("IRS") in the amount of $270,295.76. She also listed a secured lien of the Massachusetts Department of Revenue ("DOR") in the amount of

1

$96,305.54. For both claim entries, she disclosed that she was going to seek Innocent Spouse Status. In Schedule B, she listed an interest in a pension plan and claimed an exemption in the total value of the plan in Schedule C. The pension plan is subject to an IRS lien.

In October and November of 2003, DOR and IRS filed proofs of claims and Debtor hired special counsel to assist her with objecting to these claims. Debtor thereafter filed her Objection to the Claims of the Internal Revenue Service and the Massachusetts Department of Revenue (the "Objection") on the basis that she should not be liable for the taxes owing in the tax years listed in their proofs of claim as she was claiming Innocent Spouse Status. *See* 26 U.S.C. § 6015 and 830 CMR 62C.84.1(3). After DOR and IRS responded, I held a hearing and set the matters for an evidentiary hearing. Debtor then converted the case to one under Chapter 7 and the trial on the forgoing matters was cancelled upon the request of the parties. The Chapter 7 trustee has not pursued the Objection. Debtor was discharged in December of 2004.

Thereafter, Debtor filed the Debtor's Motion to Request the Determination of a Tax Liability (the "Motion"). IRS moved to dismiss the Motion ("Dismissal Motion") to which the Debtor filed an objection.

The parties dispute little of the facts which underlie their current dispute. In August of 2000, Debtor filed a Request for Innocent Spouse Relief (the "Request") for the tax years of 1991, 1992, 1994, 1995, and 1997. In February of 2002, IRS denied the Request in a form letter which indicated that IRS was denying relief because Debtor had knowledge of the underpayment. The letter also indicated that IRS was continuing to charge interest and the failure to pay penalty. Debtor filed a timely appeal of the denial. In January of 2004, IRS sent Debtor a form letter which indicated that the appeal was denied and that Debtor had 90 days to petition for a review

2

with the United States Tax Court (the "Tax Court").[1] Debtor then appealed to the United States Tax Court which one year later ruled that it did not have jurisdiction to consider the Request because, in pursuing the matter with the Tax Court, Debtor violated the automatic stay. *Drake v. Comm'r*, 123 T.C. 320 (2004). The Tax Court suggested that Debtor pursue the Request with this Court as an objection to claim or under 11 U.S.C. § 505. The parties agree that Debtor's tax liabilities for the years in question are subject to her discharge. They also recognize that IRS' lien on Debtor's pension plan survives the bankruptcy filing.

By her Motion, Debtor is pursuing the course of action which the Tax Court suggested. IRS, by the Dismissal Motion, argues that the Motion should be dismissed for several reasons. First, IRS contends that the Court lacks jurisdiction or should abstain from hearing this matter because the bankruptcy case has been fully administered and there is no bankruptcy purpose underlying the Motion. IRS explains that it intends to enforce its lien on Debtor's pension plan which plan was exempted if it became property of the estate. Second, IRS argues that the Court cannot consider the matter because it has not waived its sovereign immunity. In this section of its Motion, IRS addresses in detail the ramifications of Debtor having filed the Request under 26 U.S.C. § 6015(f) as opposed to subsections (b) or (c).[2] IRS further argues that the Motion implicitly reflects that Debtor has lost standing to pursue the Objection since there is no surplus

---

[1] The letter is titled: Subject: Notice of Determination Concerning Your Request for Relief from Joint and Several Liability under Section 6015 ("Notice of Determination"). In the letter, the IRS denies the Request, states the amount of taxes which are outstanding and explains the appeal process to the Debtor.

[2] Subsection (b) allows for relief for an understatement of a tax due to an erroneous item which the other spouse reported. Subsection (c) permits the IRS to separate the tax liability between spouses according to responsibility. Subsection(f) entitles a spouse to equitable relief when the circumstances establish that to hold the spouse responsible would be inequitable.

3

and only the Trustee can represent the estate.

In her objection to the Dismissal Motion and corresponding memorandum of law, Debtor first contends that her Request includes a request for relief under subsection (b) for one filing and (f) for equitable relief. For support she refers to that section in the Request where she answered affirmatively to the question about an understatement of tax and the attachment thereto where she differentiated factually between the year 1995 and the remaining years in question.

Debtor then argues that there is a bankruptcy purpose to be served by the Motion because it would permit her the first opportunity to have her tax liability adjudicated. Were I to abstain, Debtor contends, she would suffer an overwhelming hardship because she would have to attempt to pay the claim of IRS and then seek a refund. Debtor also contends that IRS has waived its sovereign immunity under 26 U.S.C. § 6015(e), which provides for a waiver of sovereign immunity for requests filed under subsections (b) and (c), because Debtor filed the Request under subsections (b) and (f)

I held a hearing and took the matter under advisement.

III. Analysis

A. *The Notice of Determination and the Automatic Stay*

Before I discuss the arguments presented above, I must review another issue which the parties failed to address. IRS issued the Notice of Determination while the automatic stay was in place. The issue, therefore, is whether the IRS violated the automatic stay by so proceeding.[3]

---

[3]The Tax Court ruled that by appealing to the Tax Court, Debtor violated the automatic stay which stays "the commencement or continuation of a proceeding before the United States Tax Court . . ." 11 U.S.C. § 362(a)(9). It did not consider whether the earlier action of the IRS violated the automatic stay.

4

Section 362(a)(1) of the Bankruptcy Code provides that after a petition is filed all entities are stayed from commencing or continuing "a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title. . . ". Section 362 (a)(6) stays any action to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;". Section 362 (b)(9) provides that the following actions are not stay violations: "(A) an audit by a governmental unit to determine tax liability; (B) the issuance to the debtor by a governmental unit of notice of a tax deficiency; (C) a demand for tax returns; or (D) the making of an assessment for any tax . . . ".

I did not find any cases which address whether a notice of determination regarding a request for innocent spouse relief issued during a bankruptcy case violates the automatic stay. The Tax Court has issued two recent decisions, however, in which it concluded that a similar notice issued during the pendency of a bankruptcy case did, in fact, violate the automatic stay.

In *Smith v. Comm'r*, 124 T.C. 36 (2005), IRS issued a final notice of intent to levy after the taxpayer had failed to pay his taxes for a number of years. The taxpayer requested further review of these notices pursuant to 26 U.S.C. § 6330. Thereafter, the taxpayer filed for bankruptcy relief. While the automatic stay was in place, IRS issued its determinations regarding its collection actions which indicated that IRS was going to proceed with collection. The taxpayer filed appeals of these determinations with the Tax Court.[4] IRS moved to dismiss on the

---

[4] In order to appeal a negative determination to the Tax Court, a taxpayer files a petition for lien or levy action. See 26 U.S.C. § 6330(d); I.R.C. Rule 331(b) ("A petition filed pursuant to this rule shall be entitled 'Petition for Lien or Levy Action Under Code Section 6320(c) or 6330(d)" . . . ").

5

grounds that the filing of the appeals violated the automatic stay. The court denied the motion to dismiss and dismissed the case on its own motion after it concluded that because the determinations were void as violations of the automatic stay, the court lacked jurisdiction to hear the appeal. It concluded that the final notices of intent to levy were collection actions against the taxpayer pre-petition. It further concluded that "it follows that the issuance to [the taxpayer] of the notices of determination constituted the continuation of administrative collection actions *against* the [taxpayer] (after the commencement of the bankruptcy case) within the meaning of 11 U.S.C. § 362(a)(1)(2000)." *Id.* at 43.

The court continued:

> Our conclusion that the levy notices and notices of determination constituted actions against the [taxpayer] is bolstered by the nature and purpose of such notices. We observe that if petitioner had failed to request an administrative hearing within 30 days of the issuance of the final notices of intent to levy, he would have waived his right to administrative and judicial review of the proposed collection actions under section 6330, and respondent normally would have been free to proceed with the proposed levies. . . . Giving due regard to the public policies underlying the automatic stay provisions, we conclude that the issuance of the notices of determination to petitioner violated the automatic stay.

*Id.*

One month after *Smith*, the Tax Court issued *Beverly v. Comm'r*, 2005 WL 544842 (2005). In that case, the taxpayer received the final notice of intent to levy three weeks after she filed for bankruptcy relief. The bankruptcy case was dismissed shortly thereafter and a second case was also dismissed. The taxpayer received a negative notice of determination and proceeded to appeal the matter to the Tax Court. IRS sought summary judgment. In response the court's inquiry regarding the automatic stay, IRS argued that the taxpayer should be estopped from arguing that the IRS violated the automatic stay.

6

The Tax Court concluded that the final notice of intent to levy was the commencement of an action against the taxpayer. The court cited to *Smith* and recognized that the actions of IRS violated § 362(a)(1) particularly because it placed upon the taxpayer deadlines to pursue her administrative or judicial appeals. The court did not accept the argument that the taxpayer should be estopped because the taxpayer was acting pro se and because IRS knew that such a notice violated the automatic stay based upon an IRS Chief Counsel Advisory.[5] Lastly, the court ruled that an action in violation of the stay was void rendering the final notice invalid. The court denied the motion for summary judgment.

In these two cases, the taxpayers had failed to pay their taxes, received notices of levy, pursued appeals with IRS, received determinations, and followed with appeals to the Tax Court. In *Smith*, the notice of determination violated the stay and in *Beverly*, the notice of levy violated the stay. In this case, the Debtor and her husband became jointly and severally liable to IRS after filing their joint returns. *See* 26 U.S.C. § 6013. In response, Debtor sought relief from this liability by filing the Request pursuant to 26 U.S.C. § 6015. When IRS denied the request in 2002, it informed Debtor that IRS was continuing its collection activities by charging Debtor interest and the failure to pay penalty if such penalty were applicable. Two years after she appealed this decision, an Appeals Team Manager issued his Notice of Determination informing Debtor she had not prevailed on her appeal. The letter included the amounts of the taxes for which IRS was seeking payment.

The Notice of Determination was no different than the notice of determination and notice

---

[5] IRS Chief Counsel Adv. 00-18-005, 2000 WL 1930429 (May 5, 2000) (Chief of Branch 1 writing in Memorandum for Southern California District Counsel that Notice of Intent to Levy violates stay).

of levy which the taxpayers received in *Smith* and *Beverly*. It was a post-petition continuation of the pre-petition collection action for the liabilities. Since the Notice of Determination was issued while the stay was in place, it was a violation of the automatic stay. The First Circuit has explained that violations of the automatic stay are void. *I.C.C. v. Holmes Transp., Inc.*, 931 F.2d 984, (1st Cir. 1991).

B. *The Appropriate Forum*

As a result of the stay violation, the relationship between Debtor and IRS is as it was the day before IRS issued the Notice of Determination. The question then becomes who should decide the matter: should I abstain and permit Debtor to await a Notice of Determination and pursue an appeal with the Tax Court or should I act on the matter either by considering the Motion or Objection.[6]

Pursuant to 28 U.S.C. § 1334(c)(1), I may abstain from hearing a proceeding in the interest of justice. The issue of the Request, which is at the heart of Debtor's two proceedings, involves an issue of federal tax law. Having ruled as I have with respect to the automatic stay, the procedural posture of the Request is that it is on appeal at IRS. Debtor is not constrained by any statute of limitations to proceed with an appeal to the Tax Court.[7] Both the appeals division of IRS and the Tax Court are very familiar with this case. The case before me, conversely, is ripe to be closed. There are no assets to be administered, the Debtor has received her discharge and

---

[6]*See e.g. In re Choquette,* 290 B.R. 183 (Bankr. D. Mass. 2003) (reviewing case law related to a debtor's standing to object to claims).

[7]In this decision, I do not address the issue of under which subsection of § 6015 the Debtor filed the Request.

8

the property which remains subject to the IRS lien is no longer property of the estate.[8] For purposes of the Request, the automatic stay is no longer a bar. See 11 U.S.C. § 362(c)(2)(C).

It further appears that Debtor's preferred forum for deciding the Request is the Tax Court. She voluntarily agreed not to pursue her objection to IRS' claim. She only filed the Motion after the Tax Court urged her to do so.

The forgoing factors warrant abstention. See Canzano v. Ragosa (In re Colarusso), 382 F3d 51 (1st Cir. 2004) and New England Power & Marine, Inc. v. Town of Tyngsborough, 292 F.3d 61 (1st Cir. 2002). I will exercise my discretion and abstain from considering the Motion and/or the objection to the IRS claim.

IV. Conclusion

For the reasons set forth herein, I will enter a separate order denying the Dismissal Motion as the grounds for the motion are moot given my ruling with respect to the automatic stay and abstaining from hearing the Motion given that interests of justice are better served by allowing Debtor's appeal to proceed at the IRS.

William C. Hillman
United States Bankruptcy Judge

Dated: January 11, 2006

---

[8] The pension plan either never came into the estate or was exempted as a result of no objection to the exemption which the Debtor claimed in Schedule C. See Taylor v. Freeland & Kronz, 503 U.S. 638 (1992). The parties did not request me to decide which is the case and I need not resolve the matter for purposes of my ruling.

9