UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

IN RE:

BARBARA J. DRAKE,

    DEBTOR

CASE NO. 03-18150-WCH
Chapter 7

MEMORANDUM OF DECISION REGARDING UNITED STATES' MOTION TO ALTER OR AMEND COURT'S ORDER

I. Introduction

The matter before the Court is the motion of the United States of America to alter or amend a memorandum of decision which I issued earlier this year. In that decision, I concluded that the IRS had violated the automatic stay when it issued a notice of determination regarding a request for Innocent Spouse Relief post-petition. The movant contends that the decision should be altered because it was not afforded an opportunity to brief the issue and that the issue was wrongly decided. The Debtor disagrees. For the reasons set forth below, I will enter an order denying the motion.

II. Background

The facts of the underlying tax claim are set forth in my Memorandum of Decision Regarding Debtor's Motion to Request the Determination of a Tax Liability, United States' Motion to Dismiss Debtor's Motion to Request Determination of Tax Liability and Objections

1

Thereto (the "Decision").[1] The tax claims described in the Decision arise from two Notices of Federal Tax Liens which the IRS issued to Barbara Drake (the "Debtor") and her spouse in 1997 and 1999. *Drake v. Commissioner*, 125 T.C. 201, 201-202 (2005). In 2000, the IRS issued to the Debtor and her spouse a "Final Notice, Notice of Intent to Levy and Notice of Your Right to Hearing", with respect to their 1991, 1992, 1994, 1995, and 1997 tax years. The notice asserted an unpaid tax of $121,478.17 and penalties and interest of $88,607.27." *Id.* at 202. In 2002, the Debtor filed a request for Innocent Spouse Relief within the statute of limitations for such a defense. *Id.* During that year, IRS denied her request and explained that it was continuing to charge interest and potentially penalties on the unpaid taxes. The Debtor filed for bankruptcy relief in 2003.

In 2004, while the bankruptcy was pending, the IRS informed the Debtor that her appeal was denied and provided information on how to appeal the decision (the "Notice of Determination").[2] The Debtor followed the procedure for appeal but the United States Tax Court ("Tax Court") ruled that it did not have jurisdiction as the Debtor had not sought and received relief from the automatic stay before pursuing the appeal. The Debtor then moved this Court to have the tax liability resolved in this court. After reviewing the Debtor's motion and the IRS' objection I ruled that, in issuing the Notice of Determination, the IRS violated the automatic stay. I also ruled that I would abstain from further hearing the matter. The IRS then filed the United States' Motion to Alter or Amend (the "Motion"), the Debtor filed an opposition (the

---

[1] *In re Drake*, 336 B.R. 155 (Bankr. D. Mass. 2006).

[2] In the Notice of Determination, the IRS sets forth the amount of taxes which were outstanding for the years 1991, 1992, 1994, 1995 and 1997.

2

"Objection") and the IRS filed a response (the "Response"). I thereafter held a hearing on these pleadings.

III. Position of the Parties

In the Motion, the IRS explains that it is seeking reconsideration to review the issue of the stay violation because it was not afforded an earlier opportunity to argue the issue. The result of this failure, it contends, was a faulty decision which will result in untold problems for the IRS. The matter should be revisited, it argues, because the Notice of Determination could not have been a stay violation as it was not in furtherance of a collection action or the continuation of an administrative proceeding against the Debtor. Instead, the IRS contends, the notice was part of an action which the Debtor commenced to be relieved of liability and any decision which arises in that action cannot violate the stay.

The IRS asserts that the two cases upon which I relied in my earlier decision, *Beverly* and *Smith*,[3] were respectively irrelevant and inapposite, distinguishable and wrongly decided. The IRS argues that *Beverly* is irrelevant because the court ruled in that case that the notice of intent to levy was in violation of the automatic stay and in this case, the Debtor did not receive a notice of intent to levy. With respect to *Smith*, the IRS explains that the Tax Court ruled that the notice of determination which it issued post-petition violated the automatic stay because it was the continuation of the notices of intent to levy which it had issued pre-petition. The IRS contends that the case is inapplicable because it involved a CDP hearing under 26 U.S.C. § 6330 and not a request for innocent spouse relief. To obtain the latter form of relief, the IRS explains, requires

---

[3] *See Beverly v. Comm'r*, 2005 WL 544842 (2005) and *Smith v. Comm'r*, 124 T.C. 36 (2005).

3

that the requesting spouse seek relief from the liability which indicates that the spouse must initiate an action. The IRS argues that extending *Smith* to innocent spouse claims would be problematic because if a debtor failed to lift the stay to pursue the claim, that debtor could be barred from pursuing the matter as the deadline for filing a claim is not tolled under 11 U.S.C. § 108.

In her Objection, the Debtor contends that she requested Innocent Spouse Relief in response to a Notice of Intent to Levy. She also explains that her request was made during a CDP hearing.[4] As such, she argues, the Motion should be denied because the IRS violated the automatic stay by continuing post-petition "an administrative proceeding which arose due to the Service's attempt to collect tax in considering and thereafter denying Mrs. Drake's Request." Objection, p. 4.

In its response, the IRS agrees that the Debtor and her spouse received a notice of intent to levy but claims that the Debtor made her request for innocent spouse relief at a later time. That request, the IRS contends, is for relief from a liability and not relief from collection activity. Even if the request is linked to the notice of intent to levy, the IRS argues that the notice is not the commencement of any proceeding within the contemplation of 11 U.S.C. § 362(a)(1), notwithstanding tax court decisions to the contrary.

At the hearing on the Motion, the IRS reiterated the forgoing argument. It also offered that the Debtor could potentially be denied her day in Tax Court based upon the newly decided case of *In re Ewing*, 439 F.3d 1009 (9th Cir. 2006) (ruling Tax Court lacked jurisdiction over

---

[4] The Debtor explains that hearings held pursuant to § 6330, a Collection Due Process Hearing, are referred to as CDP hearings. The CDP hearing was informally suspended as to the Debtor pending her request for Innocent Spouse Relief. 125 T.C. at 204.

4

Innocent Spouse request as tax liability did not arise from a deficiency).[5] The Debtor countered that the Decision was correct because the request for Innocent Spouse Relief, although brought separately, is linked inextricably to the Notice of Levy. That is, the Debtor was seeking relief from both the liability and the collection activity. After the hearing, I took the matter under advisement.

III. Analysis

As I have explained on numerous occasions, *see, e.g., In re Wedgestone Finan.*, 142 B.R. 7 (Bankr. D. Mass. 1992), reconsideration is appropriate when the movant can establish newly discovered evidence or a manifest error of law. The IRS contends that my ruling with respect to the violation of the automatic stay constitutes a manifest error of law.

The IRS began a collection action against the Debtor and her husband by issuing notices of federal tax liens for income tax liabilities for 1991, 1992, 1994, 1995, and 1997. The notice of levy was for income tax liabilities for 1991, 1992, 1994, 1995, and 1997. The requests for a CDP and Innocent Spouse Relief requested relief from the tax liabilities for 1991, 1992, 1994, 1995, and 1997. When the IRS denied the Debtor's request for relief, it informed her that it was continuing to charge interest and potentially penalties on the unpaid taxes. When the IRS provided the Debtor with the Notice of Determination, that notice set forth that she remained liable for the tax years 1991, 1992, 1994, 1995, and 1997. The course of these events is all related to the collection action which the IRS began. In filing for Innocent Spouse Relief, the Debtor availed herself of an administrative defense to that collection action.

---

[5]The Eighth Circuit supports this holding. *Bartman v. C.I.R.* 2006 WL 1147265 *2 (8th Cir. 2006) ("We agree with the Ninth Circuit that the tax court lacks jurisdiction under § 6015(e) unless a deficiency was asserted against the individual petitioning for review.").

5

The IRS is correct that a taxpayer is not obligated to file a CDP or Innocent Spouse Request. It is also correct to say that a defendant in an adversary proceeding is not required to file an answer to a complaint objecting to discharge. To so ignore the latter complaint, however, would enable the plaintiff to obtain a denial of a discharge notwithstanding potentially valid defenses. Likewise, while a taxpayer is not obligated to pursue a CDP or Innocent Spouse request, if the taxpayer fails to raise meritorious defenses via a CDP or Innocent Spouse relief, the IRS is free to proceed with a levy. That the request for Innocent Spouse Relief arises via a separate procedural mechanism does not alter the fact that in this case the Debtor sought the relief in response to the ongoing collection actions of the IRS. Similar to the court's holding in *Smith*, I conclude that when the IRS issued the Notice of Determination, it was part and parcel of the collection action.

IV. Conclusion

The IRS has not met the *Wedgestone* standard as it has failed to demonstrate that the Decision contained a manifest error of law. Accordingly, I will enter a separate order denying the Motion.

William C. Hillman
U.S. Bankruptcy Judge

Date: May 16, 2006
Counsel Appearing:
For the IRS: Stephen J. Turanchik, Esq.
For the Debtor: Timothy Burke, Esq.

6